Filed 7/26/16  P. v. Ybarra CA4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARK ANTHONY YBARRA,<br><br>    Defendant and Appellant. | F070904<br><br>(Super. Ct. No. SC061261A)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

Appellant Mark Anthony Ybarra filed a petition seeking to be resentenced pursuant to the provisions of the Three Strikes Reform Act of 2012 (the Act).  The trial

---

[*]Before Kane, Acting P.J., Peña, J., and Smith, J.

court denied the petition, concluding that Ybarra was ineligible for resentencing. We affirm the order denying the petition.

## FACTS AND PROCEDURAL HISTORY

In 1995, Ybarra pled no contest to one count of felony child endangerment (Pen. Code, § 273, subd. (a)(1)[1]) and was sentenced to a third-strike term of 25 years to life. The parties stipulated that the factual basis for the plea could be found in the police reports, which explained that Ybarra's three-month-old daughter had been brought to the hospital suffering from seizures. Examination revealed that the baby was in critical condition with a linear skull fracture near her left ear resulting in cerebral hemorrhaging. Ybarra eventually admitted he had been fighting with his wife, became very angry, and took the child to another room. The baby was crying, further irritating Ybarra. Ybarra threw the baby onto the couch very hard where she hit her head on either a glass baby bottle or on the wooden armrest of the couch. When the baby hit her head, Ybarra heard a loud noise.[2]

In 2013, Ybarra filed a petition to recall his sentence pursuant to the terms of section 1170.126. The district attorney opposed the motion, arguing both that Ybarra was ineligible, and, if eligible, he posed an unreasonable risk to public safety. The trial court denied the petition, concluding that Ybarra was ineligible for resentencing.

Ybarra appeals from the order denying his petition.

## DISCUSSION

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, asserting she could not identify any arguable issues in this case. By letter dated June 18, 2015, we invited Ybarra to inform this court of any issues he wished us to address.

---

[1]All further statutory references are to the Penal Code unless stated otherwise.

[2]The facts related to the 1995 plea are taken from our opinion affirming the judgment. (*People v. Ybarra* (Dec. 12, 1996, F023953) [nonpub. opn.].) The appellate court opinion was made a part of the record.

Ybarra did not respond to our invitation. After a thorough review of the record, we agree with appellate counsel that there are no arguable issues in the case and affirm the judgment.

Section 1170.126, enacted as part of the Act, defines those eligible for resentencing as inmates serving an indeterminate third-strike sentence, but declares an inmate is ineligible for resentencing if he or she (1) is serving a sentence for a crime that is listed as a serious felony (§ 1192.7, subd. (c)) or a violent felony (§ 667.5, subd. (c)); (2) is serving a sentence for a crime committed under the circumstances listed in section 667, subdivision (e)(2)(C)(i) through (iii), or section 1170.12, subdivision (c)(2)(C)(i) through (iii); or (3) has a prior conviction for an offense appearing in section 667, subdivision (e)(2)(C)(iv), or section 1170.12, subdivision (c)(2)(C)(iv). (§ 1170.126, subd. (e).)

If an inmate is eligible under the statute, then he must be resentenced "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

This statute requires the trial court to conduct a two-step analysis. First, the trial court must determine if the inmate is eligible for resentencing. If the inmate is eligible for resentencing, the trial court must decide if resentencing the inmate would pose an unreasonable risk of danger to public safety. An inmate will be resentenced only if he or she is eligible, and the trial court concludes he or she does not pose an unreasonable risk of danger to public safety. (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1299.)

The trial court relied on section 667, subdivision (e)(2)(C)(iii), when it denied the petition.[3] When read in conjunction with section 1170.126, subdivision (e)(2), this provision provides that an inmate is ineligible for resentencing if, during the commission

---

[3]This section is essentially identical to section 1170.12, subdivision (c)(2)(C)(iii).

of the offense which resulted in the third-strike sentence, the defendant "used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§ 667, subd. (e)(2)(C)(iii).) The district attorney argued, and the trial court agreed, that Ybarra was ineligible for resentencing because when he committed the child-endangerment crime, he intended to cause great bodily injury to his daughter.

The only reasonable inference to be drawn from the facts summarized above is that it was Ybarra's intention to cause great bodily injury to his daughter when he threw her onto the couch with such force as to cause a skull fracture. The fact that he was acting out of anger, directed at least partially toward his wife, is irrelevant. His actions made his intent clear. Accordingly, the trial court correctly determined Ybarra was ineligible for resentencing.

## *DISPOSITION*

The order denying the petition is affirmed.